IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REIDIE JAMES JACKSON #1164177 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv288 |
| JUDGE ANA ESTAVEZ | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Reidie James Jackson, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed a pleading he labelled an "Original Application for a Writ of Habeas Corpus Pursuant to 28 United States Code § 2241(c)(3)." (Dkt. #1.) He names as Respondent state court judge Ana Estavez and alleges that she is violating his right to access the courts in the way she is handling his civil rights lawsuit pending before her. (*Id.*)

**I. Plaintiff's Claims**

Plaintiff does not challenge his conviction or any subsequent action affecting his sentence in this case. Instead, he alleges violations of his constitutional rights in connection with his lawsuit pending in state court, where he has been found to be a "vexatious litigant." (*Id.* at 2.) He alleges "illegal restraint" against him and his "constitutionally protected interests" by Judge Estavez's "willful refusal to allow Petitioner meaningful access to the court process." (*Id.* at 1.) He complains of lengthy delays in handling his lawsuit in state court and demands the following relief:

1. Issue forth the Great Writ of Habeas Corpus demanding the immediate release of all illegal restraints, or custodys made by or through Respondent's acts and omissions;
2. Specific performances;

    3. Declaration of Rights under state's due course of law as applied to rules and procedures Petitioner has been held from;

    4. Declaration of Rights under U.S. Constitution's guarantees as to having access guaranteed by the state under their own laws;

    5. Evidentiary hearing;

    6. Such other and further relief as necessary by law to dissolve illegal restraints.

(*Id.* at 7.)

## II. Discussion and Analysis

As an initial matter, it is clear that Plaintiff's claims sound not in habeas but in civil rights. Federal law provides "two main avenues to relief on complaints related to imprisonment." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). Challenges to the validity or duration of an inmate's confinement in prison are properly brought as habeas corpus petitions. *Id.* But challenges to alleged violations of civil rights are properly brought as civil rights claims under Section 1983. *Id.* Plaintiff here does not challenge the validity or duration of his imprisonment. He alleges a violation of his civil rights in connection with another civil suit. He also seeks relief from the alleged violator of his civil rights, rather than habeas relief that would vacate his conviction or modify his criminal sentence.

The fact that Plaintiff called his claim a habeas petition rather than a civil rights complaint does not change the fact that he brings civil rights claims sounding in Section 1983, for which a $402 filing fee is due. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal

basis."); 28 U.S.C. § 1914(a) and (b) (requiring $350 filing fee for civil suits, plus additional fee prescribed by the Judicial Conference).

Plaintiff has not paid that fee for this case, and he may not be permitted to proceed *in forma pauperis* (IFP). Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accumulated at least three strikes prior to filing this lawsuit and has been repeatedly denied IFP status in federal court on that basis. *See* Order, *Jackson v. Cruz*, No. 21-10840 (5th Cir. Mar. 7, 2022) (observing that "Jackson has accrued at least three strikes for purposes of 28 U.S.C. § 1915(g)" and denying leave to proceed IFP); Order of Dismissal at 2, *Jackson v. Baidoo*, No. 4:20-cv-03920 (S.D. Tex. Dec. 7, 2020) (collecting cases and holding that "Plaintiff has accumulated at least three such dismissals and, therefore, is a 'three strikes' inmate who is barred from proceeding *in forma pauperis* pursuant to section 1915(g) unless an exception applies"). Accordingly, he is barred from proceeding *in forma pauperis* in a civil rights suit unless he establishes imminent danger of serious injury.

To meet the imminent danger requirement of Section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v.*

*McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Plaintiff's allegations about an alleged violation of his right to access the courts clearly do not raise any possibility of imminent physical danger. The Court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case.

## RECOMMENDATION

The Court should accordingly construe the present action to be brought under 42 U.S.C. § 1983, deny Plaintiff leave to proceed without prepayment under 28 U.S.C. § 1915(g), and summarily dismiss this action unless, within fifteen (15) days, Plaintiff pays the full filing fee of $402.00. The dismissal should be with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $402 filing fee.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 1st day of August, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE