# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| REIDIE JAMES JACKSON, #01164177, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-288-JDK-JDL |
| | § | |
| JUDGE ANA ESTAVEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Reidie James Jackson, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this lawsuit without paying the filing fee. He labelled his pleading as a habeas petition under 28 U.S.C. § 2241, but he sues a state court judge for allegedly violating his right to access the courts in connection with his civil rights lawsuit pending before her. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 1, 2022, the Magistrate Judge issued a Report and Recommendation finding that Plaintiff's claim sounds in civil rights rather than habeas and that Plaintiff is prohibited by 28 U.S.C. § 1915(g) from proceeding in civil rights lawsuits without payment of the filing fee, absent circumstances not raised in this case. Docket No. 4 at 2–4. Accordingly, he recommended that the Court bar Plaintiff from proceeding without payment of the $402 filing fee pursuant to 28 U.S.C. § 1915(g) and dismiss this case unless Plaintiff paid the filing fee within fifteen days. *Id*. at 4. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 6.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In

conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff does not appear to dispute that he is subject to the bar of Section 1915(g) or that he has not overcome that bar by asserting any imminent danger. Instead, he seems to insist that his pleading should be allowed to proceed as a habeas petition, pursuant to his characterization as Section 2241 as an "open pass into the end zone for much deserved RELIEF." Docket No. 6 at 4. He vaguely asserts "restraint" throughout his objection, but it is clear that the restraint at issue is not his actual imprisonment, as required to proceed in habeas, but the Defendant's "acts and omissions that restrain protected liberties" without due process. *Id.* at 5. Specifically, Plaintiff

asserts that his unlawful "restraint" is in the form of the Defendant state court judge's "intentionally causing, by act and omission, Petitioner not to be physically transported to the Potter County Courthouse to have trial on the merits of his meritorious 42 U.S.C. § 1983 lawsuit." *Id.* at 6.

Plaintiff thus raises a civil access-to-courts or due process claim rather than any challenge to his conviction, sentence, or method of service, and the Magistrate Judge correctly found that his pleading sounds in civil rights rather than habeas. Dismissal under Section 1915(g) is thus appropriate. *Brown v. Mills*, 639 F.3d 733, 734 (6th Cir. 2011) (affirming dismissal under 1915(g) where purported habeas petition asserted First Amendment violations); *Brown v. Kemp*, No. CV407-118, 2007 WL 4209308, at *2 (S.D. Ga. Nov. 26, 2007) (dismissing where "Plaintiff apparently hoped to bypass § 1915(g) by characterizing his suit as a § 2254 petition"); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) (discussing with approval federal courts' recharacterizing pro se filings "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"). In fact, another federal district court in Texas has indicated that such efforts to avoid the Section 1915(g) bar are sanctionable. *Wilkerson v. Johnson*, No. 3:17-CV-0028-N-BK, 2017 WL 2535856, at *2 (N.D. Tex. Apr. 28, 2017), *report and recommendation adopted*, No. 3:17-CV-0028-N-BK, 2017 WL 2505494 (N.D. Tex. June 9, 2017) ("Petitioner should be warned that if he persists in filing 'civil actions,' disguised as habeas petitions, the Court may impose additional monetary sanctions and/or bar him from bringing any further action.").

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 4) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 6) are **OVERRULED**. Plaintiff's motion to proceed as a pauper (Docket No. 2) is **DENIED**. This case is **DISMISSED** with prejudice for purposes of proceeding as a pauper under 28 U.S.C. § 1915(g), but without prejudice as to the refiling of the lawsuit with pre-payment of the full filing fee. The Clerk is directed to correct the docket to reflect that this action is a prisoner civil rights lawsuit pursuant to 42 U.S.C. § 1983.  Any pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **15th**  day of  **November, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE